UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGE KENDALL** |
| | ) |
| v. | ) |
| | ) **08CR    452** |
| BOBBIE BROWN, Jr., | ) |
| TIMOTHY MUDD, | ) |
| JENNIFER LORENZEN, | ) No.  **MAGISTRATE JUDGE MASON** |
| TRACY GREEN, | ) |
| JOTAWN DRAPER, | ) Violations: Title 18, United States |
| BRIAN BARSS, | ) Code, Sections 1341, 1343 and 1344 |
| TREYONDA TOWNS, | ) |
| CAROLYN THOMPSON, | ) |
| JASON JONES, | ) |
| ALLEN ROBINSON, | ) |
| STEVEN ANDERSON, | ) |
| JEANETTE ANDERSON, and | ) **FILED** |
| KENNETH SMITH | ) |

COUNT ONE

JUN - 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.      At times material to this indictment:

   a.      Defendant BOBBIE BROWN, Jr. operated several businesses in Illinois and Nevada, including Chicago Global Investments, Inc., B&M Customs Homes, Inc., Brown Trucking, Inc., and World Wide Investments, Inc., which he used to facilitate the purchase and sale of real estate.

   b.      Defendant TREYONDA TOWNS was an employee of B & M Custom Homes, Inc.

   c.      Defendant ALLEN ROBINSON was a licensed Notary Public in the State of Illinois.

   d.      Defendants TRACY GREEN and JOTAWN DRAPER were employees of

JP Morgan Chase Bank.

      e.      Defendant CAROLYN THOMPSON was an accountant and the owner of Thompson Tax and Accounting Services.

      f.      Defendant JASON JONES was a tax practitioner and the owner of Pacific Tax Consultants.

      g.      Defendant BRIAN BARSS was a loan originator for Companies A and B, mortgage brokerage companies.

      h.      Defendant JENNIFER LORENZEN was a licensed real estate agent in the State of Nevada.

      i.      Defendant TIMOTHY MUDD was the owner of 3 to 5 LLC. and ALL NV, LLC., both State of Nevada corporations. In this capacity, defendant MUDD offered for sale residences in Nevada and Arizona.

      j.      Countrywide Bank and Webster Bank were institutions whose deposits were insured by the Federal Depository Insurance Corporation ("FDIC").

      2.      Beginning in or about August 2006 and continuing through in or about April 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> TIMOTHY MUDD,
> JENNIFER LORENZEN,
> TRACY GREEN,
> JOTAWN DRAPER,
> BRIAN BARSS,
> TREYONDA TOWNS,
> CAROLYN THOMPSON,
> JASON JONES,
> ALLEN ROBINSON,
> STEVEN ANDERSON,

JEANNETTE ANDERSON, and
KENNETH SMITH,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property, by false representations, pretenses and promises, from lenders engaged in the business of issuing mortgage loans for the purchase of residential property, including Countrywide Home Loans, Inc., MortgageIt, Inc., Mortgage Lenders Network USA, (hereinafter referred to collectively as "lenders"), and in furtherance thereof, used the United States mails, and other interstate carriers, and interstate wire transmissions which scheme is further described below.

3. It was part of the scheme that from in or about August 2006 until in or about April 2007, defendants caused to be issued approximately 33 fraudulent mortgage loans, from which the defendants obtained and caused to be obtained more than $16 million in fraudulent mortgage loan proceeds from mortgage lenders for themselves and other known and unknown to the grand jury.

4. It was further part of the scheme that defendants BROWN, TOWNS and LORENZEN and others, purchased and caused to be purchased the residences ("the BROWN residences") individually or through nominees including defendants STEVEN ANDERSON, JEANNETTE ANDERSON, and SMITH, among others.

5. It was further part of the scheme that defendants BROWN, LORENZEN and others solicited defendant MUDD, as a renovator of residences, and other sellers, to sell their residences to defendant BROWN's nominees at inflated prices.

6. It was further part of the scheme that defendant MUDD and other sellers agreed to inflate the sales price of their residences so that defendants BROWN and LORENZEN could receive

real estate commissions or finders fees that ranged from approximately three percent to sixteen percent of the sales price of each residence.

7. It was further part of the scheme that defendant MUDD and other property sellers agreed to pay commissions and finders fees to defendants BROWN and LORENZEN for locating buyers for the residences, knowing that a portion of those fees would be paid to the nominees.

8. It was further part of the scheme that defendants BROWN, LORENZEN, and others recruited nominees including defendants STEVEN ANDERSON, JEANNETTE ANDERSON, and SMITH among others, to buy the residences with promises of "no money down" and "cash back at closing" if they agreed to act as nominees. The nominees were also promised that the residences would be rented to others by defendants BROWN, LORENZEN or their agents; and that the buyers would not have to make mortgage payments in connection with the residences; and further that their names would be removed from the title after approximately twelve months. Based on these promises and representations, defendants BROWN, LORENZEN, TOWNS, and others persuaded a number of individuals, including defendants STEVEN ANDERSON, JEANNETTE ANDERSON, and SMITH among others, to act as nominees in order to purchase multiple BROWN residences.

9. It was further part of the scheme that defendants BROWN, LORENZEN and others referred the nominees to loan originators, including defendant BARSS and others, so that mortgage loan applications for the nominees could be prepared.

10. It was further part of the scheme that defendant BARSS and others prepared and caused to be prepared fraudulent mortgage loan packages on behalf of the nominees buying the BROWN residences, which packages contained fraudulent loan applications, among other documents to ensure the nominees qualified for loans. The mortgage loan applications were

fraudulent in that they contained a variety of false statements designed to induce lenders to issue mortgage loans to nominees who were not otherwise qualified for such loans, including false statements regarding the nominees' employment, income, assets, liabilities and intention to occupy the premises as a primary or secondary residence. In addition, the applications failed, in some instances, to disclose that nominees had, in a short span of time, purchased multiple residences and had obtained mortgages for these residences from other lenders.

11. It was further part of the scheme that defendants BROWN, TOWNS, GREEN, DRAPER, BARSS, and THOMPSON, created and caused to be created false verifications of employment ("VOEs"), false accountant letters, and false verifications of deposits (" VODs") to support the false representations in the loan applications regarding the financial status of the nominees including the amount of money and source of the deposits in the nominee' bank accounts.

12. It was further part of the scheme that defendants THOMPSON and JONES, as tax practitioners, among others, prepared and caused to be prepared false documents claiming that they had prepared tax returns for nominees well-knowing the false statements in these documents were material to the lenders' decisions to issue mortgage loans to nominees, and were made for the purpose of inducing the lenders to issue loans to individuals who were not always qualified for the loans.

13. It was further part of the scheme that defendant ROBINSON, being a licensed notary public in the State of Illinois, notarized closing documents on behalf of defendant BROWN and the nominees well knowing the false statements in these documents were material to the lenders' decisions to issue mortgage loans to nominees, and were made for the purpose of inducing the lenders to issue loans to individuals who were not always qualified for the loans.

14. It was further part of the scheme that defendants BROWN, LORENZEN, BARSS, TOWNS and MUDD, submitted and caused to be submitted loan application packages to lenders containing, among other things, closing documents that failed to either disclose that commissions or finders fees were being paid to defendants BROWN and LORENZEN, or that nominees were being paid with proceeds from the real estate transactions, well-knowing that false statements and omissions in these closing documents were material to the mortgage lenders' decisions to issue mortgage loans to nominees. The false statements and omissions on the closing documents were made for the purpose of inducing the lenders to issue loans to individuals who were not always qualified to receive the loans.

15. It was further part of the scheme that defendants BROWN, TOWNS, MUDD, LORENZEN, GREEN, DRAPER, BARSS, STEVEN ANDERSON, JEANNETTE ANDERSON, SMITH and others submitted and caused to be submitted mortgage loan packages to lenders containing, among other things, the false documents referred to above, including, the false loan applications, VOEs, accountant letters, and VODs, well-knowing the false statements in these documents were material to the lenders' decisions to issue mortgage loans to nominees, and were made for the purpose of inducing the lenders to issue loans to individuals who were not always qualified for the loans.

16. It was further part of the scheme that defendants BROWN and LORENZEN paid nominees, including defendants JEANETTE ANDERSON, STEVEN ANDERSON, SMITH and others, using the proceeds from the real estate transactions.

17. It was further part of the scheme that defendants BROWN and LORENZEN provided and caused to be provided down payments, earnest money checks, and funds used by the nominee

for the real estate deals which falsely represented the nominees as the source of the funds, when, in fact, the nominees had not contributed any funds to the purchase of the residence. These false representations about the source of the funds were made to deceive the lenders by creating the false impression that the nominees were financially committed to the transaction.

18. It was further part of the scheme that defendants BROWN, TOWNS, MUDD, LORENZEN, GREEN, DRAPER, BARSS, THOMPSON, JONES, ROBINSON, STEVEN ANDERSON, JEANNETTE ANDERSON, SMITH and others received the proceeds of mortgage loans that lenders issued to nominees on or near the date of the real estate closings for the BROWN residences sales, and used the loan proceeds to enrich themselves and to buy and sell additional residences.

19. It was further part of the scheme that defendants BROWN, LORENZEN and others controlled the BROWN residences, and they, as well as their associates, friends and relatives resided in the BROWN residences without making mortgage payments as required by the lenders, thus causing the loans obtained by the nominees to go into default.

20. It was further part of the scheme that defendants BROWN, TOWNS, MUDD, LORENZEN, GREEN, DRAPER, BARSS, THOMPSON, JONES, ROBINSON, STEVEN ANDERSON, JEANNETTE ANDERSON, SMITH and others, concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

21. As a result of the fraudulent acts of defendants BROWN, TOWNS, MUDD, LORENZEN, GREEN, DRAPER, BARSS, THOMPSON, JONES, ROBINSON, STEVEN ANDERSON, JEANNETTE ANDERSON, SMITH and others known and unknown to the grand

jury, the lenders issued mortgage loans to nominees in an amount totaling approximately $16 million and incurred losses in the amount of approximately $5.3 million on the mortgage loans because they were not paid by the nominees causing the residences to be foreclosed and resold for amounts less than the outstanding mortgage loan balances.

22.    On or about November 17, 2006, at Cook County, in the Northern District of Illinois, Eastern Division, and elsewhere,

>    BOBBIE BROWN, Jr.,
>    JENNIFER LORENZEN,
>    BRIAN BARSS,
>    TREYONDA TOWNS,
>    CAROLYN THOMPSON, and
>    KENNETH SMITH,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the transfer of funds in the amount of approximately $758,812 from a Bank of New York account held in the name of Countrywide Home Loan in New York, New York, to Bank of Nevada in Las Vegas, Nevada, for credit to the account of Land America Lawyer's Title, which transfer represented the proceeds of a mortgage loan issued to defendant SMITH for the purchase of a residence located at 4347 Spooner Lake Circle, Las Vegas, Nevada;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated by reference as if fully stated herein.

2. Beginning in or about August 2006 and continuing through in or about April 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> JENNIFER LORENZEN,
> BRIAN BARSS,
> JASON JONES,
> ALLEN ROBINSON, and
> KENNETH SMITH,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud financial institutions and to obtain money and property owned by and under the custody and control of financial institutions who engaged in the business of issuing mortgage loans for the purchase of residential property. More specifically, the defendants schemed to obtain fraudulent mortgage loan proceeds from various financial institutions, including Countrywide Bank and Webster Bank, (hereinafter referred to collectively as "lenders"), by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. The allegations contained in paragraphs 3 through 21 of Count One are hereby realleged and incorporated herein by reference.

4.      On or about October 4, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> BRIAN BARSS,
> JASON JONES,
> ALLEN ROBINSON, and
> KENNETH SMITH,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Countrywide Bank, a financial institution whose deposits were insured by the FDIC, to fund a mortgage loan in the amount of approximately $780,000 to defendant SMITH for the purchase of a residence located at 214 Brookside Avenue, Santa Cruz, California;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 3 of Count Two of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2. On or about December 13, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> JENNIFER LORENZEN,
> TRACY GREEN,
> JOTAWN DRAPER, and
> ALLEN ROBINSON,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Webster Bank, a financial institution whose deposits were insured by the FDIC, to fund a mortgage loan in the amount of approximately $432,000 to Buyer A for the purchase of a residence located at 848 Sandhill Sage Street, Henderson, Nevada;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 21 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2. On or about December 29, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> JENNIFER LORENZEN,
> TREYONDA TOWNS,
> BRIAN BARSS,
> TRACY GREEN,
> JOTAWN DRAPER,
> CAROLYN THOMPSON, and
> ALLEN ROBINSON,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by United Parcel Service, an interstate commercial carrier according to the directions thereon, loan documents from Land America Lawyers Title of Nevada, Inc. in Las Vegas, Nevada, addressed to defendant ROBINSON, in Chicago, Illinois, relating to the purchase of a residence by Buyer B, located at 5373 San Milano Avenue, Las Vegas, Nevada;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 21 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2. On or about October 27, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> JENNIFER LORENZEN,
> BRIAN BARSS,
> ALLEN ROBINSON, and
> JEANNETTE ANDERSON,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by United Parcel Service, an I.C.C., according to the directions thereon, loan documents from Land America Lawyers Title of Nevada, Inc. in Las Vegas, Nevada, addressed to defendant ROBINSON in Chicago, Illinois, relating to the purchase of a residence by defendant JEANNETTE ANDERSON, located at 5115 Tennis Court, Las Vegas, Nevada;

In violation of Title 18, United States Code, Sections 1341 and 2.

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

  All pursuant to Title 18, United States Code, Sections 982(a)(2).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

BOBBIE L. BROWN, Jr.,
TIMOTHY MUDD,
JENNIFER LORENZEN,
TRACY GREEN,
JOTAWN DRAPER,
BRIAN BARSS,
TREYONDA TOWNS,
CAROLYN THOMPSON,
JASON JONES,
ALLEN ROBINSON,
STEVEN ANDERSON,
JEANETTE ANDERSON, and
KENNETH SMITH

INDICTMENT

In violation of: Title 18 USC §§ 1341, 1343, 1344

A true bill,

_____ Foreman

Filed in open court this 3rd day of June 2008.

by Yolanda Jurgens Deputy Clerk
of MICHAEL W. DOBBINS

_____ Clerk

Bail, $ _____